**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| VAL GRIGORIAN, | ) |
| Plaintiff, | ) Case No.: 2:17-cv-00892-GMN-VCF |
| vs. | ) |
| | ) **ORDER** |
| MIREYA F. ALCANTARA, *et al.*, | ) |
| Defendants. | ) |

Pending before the Court is the Motion to Remand, (ECF No. 11), filed by Plaintiff Val Grigorian ("Grigorian"). Defendant JPMorgan Chase Bank N.A. ("Chase") filed a response, (ECF No. 15), and Grigorian filed a reply, (ECF No. 17). For the reasons discussed below, Grigorian's Motion to Remand is **GRANTED**.

**I.     BACKGROUND**

Grigorian filed this action in state court on February 10, 2017, seeking to quiet title to the real property located at 4791 Pinon Pointe Road, Las Vegas, NV 89115. (Compl., Ex. 1 to Pet. for Removal, ECF No. 1-2). Chase removed the action to this Court pursuant to 28 U.S.C. § 1331, citing to the Ninth Circuit Court of Appeals' decision in *Bourne Valley Ct. Trust v. Wells Fargo Bank, N.A.,* 832 F.3d 1154 (9th Cir. 2016) and 12 U.S.C. § 4617(j)(3). (Pet. for Removal ¶¶ 3–4, ECF No. 1). In the instant Motion, Grigorian seeks to remand this case back to state court based on the lack of a federal question. (*See* Mot. to Remand, ECF No. 11).

**II.    LEGAL STANDARD**

Federal courts are courts of limited jurisdiction, possessing only those powers granted by the Constitution and by statute. *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal statutes are strictly

construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). In evaluating diversity jurisdiction, the defendant has the burden of overcoming the "strong presumption" against removal. *Gaus*, 980 F.2d at 566.

Under 28 U.S.C. § 1331, a federal district court has original jurisdiction over all civil actions arising under the laws of the United States. *See* 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[A] case may not be removed to federal court on the basis of a federal defense." *Id.* at 393.

### III. DISCUSSION

#### A. Jurisdiction

In its opposition, Chase contends that federal-question jurisdiction exists over any claim that depends on the application of the Federal Foreclosure Bar. (Resp. 9:2–3, ECF No. 15). Specifically, Chase argues that "federal question jurisdiction exists because Plaintiff's claims avoided [Chase] filing a defensive coercive action arising under federal law." (*Id.* 4:9–10). Generally, federal question jurisdiction turns on the face of the plaintiff's well-pleaded complaint. *See Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 9–10 (1983). A narrow exception to this rule exists, however, in the context of certain "coercive" actions for declaratory judgment. *Medtronic, Inc. v. Mirowski Family Ventures, LLC*, 134 S. Ct. 843, 848 (2014).

This Court has previously considered and rejected the "coercive action" theory as applied to 12 U.S.C. § 4617(j)(3). *See Alessi & Koenig LLC v. Fed. Nat'l Mortg. Ass'n*, No.

2:15–cv–01946–GMN–GWF, 2017 WL 2636044 (D. Nev. June 19, 2017); *Salomon v. Fed. Nat'l Mortg. Ass'n*, No. 2:15–cv–00332–GMN–VCF, 2017 WL 1273868 (D. Nev. Mar. 31, 2017). Here, as in the above cited cases, the face of the Complaint contains only claims based on state law, and Chase has not convincingly shown an exception to the well-pleaded complaint rule. This case more closely resembles the "settled law that a case may not be removed . . . on the basis of a federal defense," than the doctrine described in *Medtronic*, where a request for declaratory judgment is closely related to a viable federal coercive claim. *See Thunder Props., Inc. v. Treadway*, 2017 WL 899961, at *3 (D. Nev. Mar. 7, 2017) (rejecting the argument that the coercive action doctrine establishes federal jurisdiction in a similar case). The Court therefore finds that Chase has failed to establish federal question jurisdiction in this action.

### B. Attorney's Fees

Grigorian requests attorney's fees pursuant to 28 U.S.C. § 1447(c). Courts may award attorney's fees under § 1447(c) where the removing party lacked "an objectively reasonable basis for seeking removal." *Gardner v. UICI*, 508 F.3d 559, 561 (9th Cir. 2007). Here, Chase provided a reasonable, albeit incorrect, basis for removal. The Court therefore declines to award attorney's fees.

## III. CONCLUSION

**IT IS HEREBY ORDERED** that Grigorian's Motion to Remand, (ECF No. 11), is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Eighth Judicial District Court for the State of Nevada, County of Clark.

**DATED** this 13 day of October, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Court